RECORD NO. 13-4404

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## SHAWN HORTON,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT FLORENCE**

_____

**BRIEF OF APPELLANT**

_____

J. Thomas McBratney, III
MCBRATNEY LAW FIRM, PA
P. O. Box 3890
Florence, SC  29502
(843) 662-8155

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

# **TABLE OF CONTENTS**

**Page**:

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................1

ISSUES PRESENTED FOR REVIEW ....................................................1

STATEMENT OF THE CASE................................................................2

STATEMENT OF FACTS ......................................................................4

SUMMARY OF ARGUMENT ...............................................................6

ARGUMENT ..........................................................................................7

    I.    WHETHER THE DISTRICT COURT PROPERLY COMPLIED
         WITH THE REQUIREMENTS OF RULE 11 WHILE
         CONDUCTING THE PLEA HEARING?................................................7

         A.    STANDARD OF REVIEW ............................................7

         B.    ANALYSIS .................................................................7

    II.    WHETHER THE DISTRICT COURT ERRED IN DENYING
         HORTON'S MOTION FOR A DOWNWARD DEPARTURE
         PURSUANT TO U.S.S.G. § 4A1.3?......................................................10

         A.    STANDARD OF REVIEW ..........................................10

         B.    ANALYSIS ...............................................................11

III.  WHETHER THE DISTRICT COURT PROPERLY
CONCLUDED THAT HORTON WAS A CAREER OFFENDER
PURSUANT TO U.S.S.G. § 4B1.1? ........................................................12

    A.  STANDARD OF REVIEW ...........................................................12

    B.  ANALYSIS .................................................................................12

CONCLUSION..................................................................................................16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**CASES**:

*Anders v. California*,
  386 U.S. 738 (1967)....................................................................................4, 16

*Gall v. United States*,
  128 S. Ct. 586 (2007).......................................................................................10

*United States v. Allen*,
  446 F.3d 522 (4th Cir. 2006) ...................................................................14, 15

*United States v. Bacon*,
  94 F.3d 158 (4th Cir. 1996) .............................................................................15

*United States v. Bernard*,
  708 F.3d 583 (4th Cir. 2013) ...........................................................................12

*United States v. Brewer*,
  520 F.3d 367 (4th Cir. 2008) ................................................................6, 10, 11

*United States v. Martinez*,
  277 F.3d 517 (4th Cir. 2002) .............................................................................7

*United States v. Olano*,
  507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) .............................12

**STATUTES:**

18 U.S.C. § 3553(a) ...............................................................................................8

18 U.S.C. § 3742.................................................................................................1, 4

21 U.S.C. § 841(a)(1)..........................................................................................2, 3

21 U.S.C. § 841(b)(1)(A).......................................................................................2

21 U.S.C. § 841(b)(1)(C) ................................................................3

21 U.S.C. § 846 ..................................................................1, 2

28 U.S.C. § 1291 ................................................................1, 4

S.C. Code Ann. § 16-3-600(B)(2)..................................................15

**RULES:**

Fed. R. Crim. P. 11....................................................4, 6, 7, 10

Fed. R. Crim. P. 11(b)(1) ...........................................................8

Fed. R. Crim. P. 11(b)(2) ...........................................................8

Fed. R. Crim P. 11(b)(3) ...........................................................8

**SENTENCING GUIDELINES:**

U.S.S.G. § 4A1.2 ................................................13, 14, 15

U.S.S.G. § 4A1.2(d) ...........................................................13

U.S.S.G. § 4A1.3 .............................................................*passim*

U.S.S.G. § 4A1.3(b) .........................................................1, 3, 5

U.S.S.G. § 4B1.1 .............................................................*passim*

U.S.S.G. § 4B1.1(a) ...........................................................13

U.S.S.G. § 4B1.2 ............................................................14, 15

U.S.S.G. § 5K1 ..............................................................3, 5, 11

U.S.S.G. § 5K1.1 ...............................................................3, 5

**CONSTITUTIONAL AMENDMENT**

U.S. Const. Amend. VI .............................................................................15

## JURISDICTIONAL STATEMENT

This appeal arises as a result of the conviction and sentencing of Appellant, Shawn Horton, for a violation of 21 U.S.C. § 846. [Docket Entry #312, Judgment].

On November 28, 2012, Horton pled guilty, pursuant to a plea agreement, to count one of an indictment, which alleged that Horton, along with other co-conspirators, knowingly and intentionally conspired to possess with intent to distribute and distribute 5 kilograms or more of cocaine and 280 grams or more of "crack cocaine." [Docket Entry #3, Indictment].

On May 15, 2013, a sentencing hearing for Horton was held before United States District Judge Terry L. Wooten. [Docket Entry #300, Minute Entry - Sentencing Hearing].  Judgment was filed on May 17, 2013. [Docket Entry #312, Judgment].  Horton timely filed a Notice of Intent to Appeal on May 15, 2013. [Docket Entry #301, Notice of Appeal].  This court has jurisdiction over this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

I.      Whether the district court properly complied with the requirements of Rule 11 when conducting the plea hearing?

II.     Whether the district court erred in denying Horton's motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b)?

III.    Whether the district court properly concluded that Horton was a career

offender pursuant to U.S.S.G. § 4B1.1?

## STATEMENT OF THE CASE

On July 24, 2012, Horton was indicted for his involvement in a cocaine and

crack cocaine conspiracy that operated in Chesterfield County, South Carolina.

[Docket Entry #3, Indictment].  Horton was named in count one, which alleged the

drug conspiracy, and counts eight through ten, which alleged possession with

intent to distribute and distribution of crack. *Id*.

Count one alleged that beginning in or around January 2002, and continuing

thereafter, up to and including the date of this Indictment, in the District of South

Carolina and elsewhere, the defendants, Kelvin Connell Miller, Eddie Rickie

Blackwell, Jr., a/k/a Junebug, Karen Rae Howard, Amado Lamar Burch, a/k/a

Poochie, Kentral Donvrus Chestnutt, a/k/a Trell, Shawn Horton, Travis Sentel

Harris, a/k/a TeeTee, and Patrick Clyburn, a/k/a Pacman, conspired to possess with

intent to distribute and distribute 5 kilograms or more of cocaine and 280 grams or

more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and

846. *Id*.

Counts eight through ten alleged that Horton possessed with intent to

distribute and distributed a quantity of crack cocaine on: 1) June 20, 2011; 2) July

14, 2011; and 3) August 18, 2011, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id*.

On November 28, 2012, pursuant to plea agreement [Docket Entry #197, Plea Agreement], Horton pled guilty to count one of the indictment. [Docket Entry #209, Guilty plea].

According to the presentence investigation report (PSR), based on a total offense level of 34 and criminal history category VI, Horton's applicable guideline range was 262 to 327 months. [Presentence Investigation Report].

On May 13, 2013, Horton filed a motion for downward departure under U.S.S.G. § 4A1.3(b). [Docket Entry #295, Motion to Depart from Guidelines]. On May 13, 2013, the Government filed a motion for downward departure under U.S.S.G. § 5K1.1. [Docket Entry #291, Motion to Depart from Guidelines].

A sentencing hearing was held on May 15, 2013 before the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina. [Docket Entry #300, Minute Entry - Sentencing Hearing]. Judge Wooten granted the Government's § 5K1 motion for downward departure and denied Horton's § 4A1.3(b) motion. [Sentencing Tr. At 8, 16]. Judge Wooten then sentenced Horton to a 192-month term of imprisonment and five years supervised release. *Id*. at 22].

Judgment was filed and entered on May 17, 2013. [Docket Entry #312, Judgment].  On May 15, 2013, Horton timely filed a Notice of Appeal. [Docket Entry #301, Notice of Appeal].

The Court of Appeals has jurisdiction of this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The issues raised in this appeal are: 1) whether the district court properly complied with the requirements of Rule 11 when conducting the plea hearing; 2) whether the district court erred by denying Horton's motion for downward departure pursuant to U.S.S.G. § 4A1.3; and 3) whether the district court properly concluded that Horton was a career offender pursuant to U.S.S.G. § 4B1.1.

Counsel has reviewed the record in this case and has found no legal error or meritorious grounds for an appeal to the court of appeals.  Counsel has thus filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF FACTS

Horton pled guilty to a drug conspiracy involving 5 kilograms or more of cocaine and 280 grams or more of crack cocaine.

As a result of Horton's criminal history, he was classified as a career offender under United States Sentencing Guideline § 4B1.1.  Horton had three predicate offenses: 1) Assault and Battery of High and Aggravated Nature – 1997;

2) Assault and Batter of High and Aggravated Nature – 2001; and 3) Distribution of Powder Cocaine – 2005. [Presentence Investigation Report].

Pursuant to U.S.S.G. § 4B1.1, Horton's offense level was enhanced to a level 37 and his criminal history category was enhanced to a VI. *Id.* With acceptance of responsibility, Horton's total offense level was reduced to 34. Based on a criminal history category of VI and total offense level 34, Horton's applicable guideline range was 262 to 327 months imprisonment. *Id.*

On May 13, 2013, Horton filed a motion for downward departure under U.S.S.G. § 4A1.3(b) on the basis that his career offender designation over-represented the seriousness of his criminal history or likelihood that he would commit future crimes. [Docket Entry #295, Motion to Depart From Guidelines].

On May 13, 2013, the Government filed a motion for downward departure under U.S.S.G. § 5K1.1 based on Horton's substantial assistance to the Government. [Docket Entry #291, Motion to Depart from Guidelines].

The court granted the Government's § 5K1 motion departing three levels to a guideline range of 188 to 235 months. [Sentencing Tr. at 8]. The court denied Horton's motion under § 4A1.3. *Id*. at 16.

Horton was sentenced to a term of 192 months and 5 years supervised release. *Id*. at 22.

# SUMMARY OF ARGUMENT

Did the district court properly comply with the requirements of Rule 11 while conducting the plea hearing?  After reviewing the record and applicable law, it appears that the district court substantially complied with the requirements of Rule 11 during the plea hearing.

Did the district court err when it denied Horton's motion for downward departure under U.S.S.G. § 4A1.3?  The court of appeals lacks the authority to review the denial of a downward departure unless the court failed to understand its authority to do so. *United States v. Brewer*, 520 F.3d 367 (4th Cir. 2008).  After reviewing the record, it appears that Judge Wooten understood his authority to grant or deny a motion for downward departure.  Under these facts, the court of appeals lacks authority to review Judge Wooten's denial of Horton's § 4A1.3 motion for downward departure.

Did the district court properly classify Horton as a career offender under U.S.S.G. § 4B1.1?  Horton was previously convicted of two crimes of violence and one controlled substance offense: two convictions for assault and battery of a high and aggravated nature and one conviction for distribution of cocaine.  The district court properly classified Horton as a career offender under U.S.S.G. § 4B1.1.

# ARGUMENT

I.  **WHETHER THE DISTRICT COURT PROPERLY COMPLIED WITH THE REQUIREMENTS OF RULE 11 WHILE CONDUCTING THE PLEA HEARING?**

A.  **STANDARD OF REVIEW**

Horton did not move in the district court to withdraw his guilty plea; therefore, his challenge to the adequacy of his plea hearing is reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002).

B.  **ANALYSIS**

Rule 11 of the Federal Rules of Criminal Procedure sets forth the requirements of a district court in conducting a plea hearing. Fed. R. Crim. P. 11. The court is required to place the defendant under oath and address the defendant in open court ensuring that the defendant is informed and understands the following: 1) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; 2) the right to plead not guilty, or having already so pleaded, to persist in that plea; 3) the right to a jury trial; 4) the right to be represented by counsel-and if necessary have the court appoint counsel-at trial and at every other stage of the proceeding; 5) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self incrimination, to testify and present evidence, and to compel the attendance of witnesses; 6) the defendant's waiver of these trial

7

rights if the court accepts a plea of guilty or nolo contendere; 7) the nature of each charge to which the defendant is pleading; 8) any maximum possible penalty, including imprisonment, fine, and term of supervised release; 9) any mandatory minimum penalty; 10) any applicable forfeiture; 11) the court's authority to order restitution; 12) the court's obligation to impose a special assessment; 13) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and 14) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. Fed. R. Crim. P. 11(b)(1).

The district court is also required to address the defendant in open court and determine whether the plea is voluntary and did not result from force, threats, or promises (other than the plea agreement). Fed. R. Crim. P. 11(b)(2). Finally, before entering judgment on a guilty plea, the court must determine that a factual basis exists for the guilty plea. Fed. R. Crim. P. 11(b)(3).

The district court questioned Horton regarding his mental competency and found him competent to plead guilty. [Plea Tr. At 12]. The court asked if Horton had received a copy of the indictment and if he had the opportunity to discuss the charges with his attorney. *Id*. at 12-13. The court asked if Horton was satisfied with his attorney. *Id*. at 14.

8

After the Government summarized the terms of the plea agreement, the court asked Horton if he understood the terms of the agreement and if anyone had made promises to him that were not included in the plea agreement. *Id*. at 20.  The court asked if anyone had attempted to force Horton to plead guilty. *Id*. at 21.

The court informed Horton of the effect pleading guilty to a felony would have on his rights to vote, hold public office, serve on a jury, and possess a firearm. *Id*. at 22.  Horton was asked if he understood the consequences of his guilty plea. *Id*. at 23.  Horton was advised of the application of the advisory sentencing guidelines to his sentence. *Id*. at 24-26.

The court informed Horton of: 1) the abolition of parole, *Id*. at 28; 2)  the inability to withdraw a guilty plea if the sentence received is more severe than expected, *Id*. 28-29; 3) waiver of any defenses to the charges and the ability to challenge the constitutionality of the proceedings, *Id*. at 29-30; 4) his right to plead not guilty, *Id*. at 31; 4) his right to a jury trial, *Id*.; 5) his right to assistance of counsel, *Id*.; 6) his right to testify in his own defense and compel witnesses to testify on his behalf, *Id*.; 7) his right to confront the witnesses against him, *Id*.; 8) the waiver of the right to jury trial by pleading guilty, *Id*. at 32; 9) the substance and nature of the charges, *Id*. at 34-35; 10) the elements of the offense and what the government would have to prove to obtain a conviction, *Id*. at 35-36; 11) the potential penalties including the applicable maximum and mandatory minimum

9

sentences on the charges to which he pled guilty, *Id*. at 36-37; and 12) the requirement for a term of supervised release and a fine of up to ten million dollars. *Id*. at 38.

After the court established a separate, independent factual basis for the guilty plea, Horton pled guilty to count one of the indictment. *Id*. at 51-53, 57.

From a review of the record, it is counsel's opinion that the district court substantially complied with the requirements of Rule 11 while conducting the plea hearing. Any technical omissions by the court were harmless and did not affect Horton's substantial rights. The plea hearing transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Horton's plea was entered knowingly and voluntarily and with a full understanding of the consequences.

## II. WHETHER THE DISTRICT COURT ERRED IN DENYING HORTON'S MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 4A1.3?

### A. STANDARD OF REVIEW

The court of appeals reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). However, the court of appeals lacks authority to review the denial of a motion for downward departure. *United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008).

10

### B.   <u>ANALYSIS</u>

Horton filed a motion for downward departure under U.S.S.G. § 4A1.3 arguing that his career offender designation over-represented the seriousness of his criminal history and likelihood that he would commit future crimes.

Under U.S.S.G. § 4A1.3, "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

Horton argued that because of his lack of guidance as a child and his youth at the time of the predicate offenses that the court should grant a variance or downward departure.  The court denied Horton's request reasoning that the seriousness of Horton's prior offenses made U.S.S.G. § 4A1.3 inapplicable. [Sentencing Tr. at 15-16].  The court did, however, grant Horton a 3 level downward departure as a result of the Government's 5K1 motion. *Id*. at 8.

In *United States v. Brewer*, the court of appeals held that it lacked "authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." 520 F.3d 367, 371 (4th Cir. 2008). From a review of the transcript, Judge Wooten clearly understood that he possessed the authority to grant or deny Horton's motion. [Sentencing Tr. at 13-

16]. As a consequence, the court of appeals has no power to overturn Judge

Wooten's decision denying Horton's motion.

## III. WHETHER THE DISTRICT COURT PROPERLY CONCLUDED THAT HORTON WAS A CAREER OFFENDER PURSUANT TO U.S.S.G. § 4B1.1?

### A. STANDARD OF REVIEW

Horton challenges his career offender designation for the first time on

appeal; therefore, the applicable standard of review is for plain error. *United States*

*v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013); *United States v. Olano*, 507 U.S.

725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). To establish plain error,

Appellant must show that the district court erred, that the error was plain, and that

it affected his substantial rights. *Olano*, 507 U.S. at 734.

### B. ANALYSIS

Horton was classified as a career offender under U.S.S.G. § 4B1.1 because

he had three qualifying predicate felony offenses: two convictions for assault and

battery of a high and aggravated nature (ABHAN) and one conviction for

distribution of cocaine. [Presentence Investigation Report, at paragraph 58]. As a

result, Horton's offense level was enhanced to a level 37 and his criminal history

category was enhanced to a VI. *Id.*

United States Sentencing Commission Guideline Section 4B1.1 states:

> A defendant is a career offender if (1) the defendant was
> at least eighteen years old at the time the defendant

12

> committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Horton's first predicate offense was a 1997 conviction for assault and battery of a high and aggravated nature when Horton was 16 years old. Horton received a sentence of six months imprisonment suspended to two years probation. [Presentence Investigation Report, at paragraph 28].

Horton argues his 1997 ABHAN conviction should not be counted because he was under 18 years old at the time of the offense and he did not receive a sentence exceeding one year and one month.

United States Sentencing Guideline § 4A1.2, application note 7, governing offenses committed prior to age eighteen, states:

> Section 4A1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant

13

is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen.

U.S.S.G. § 4A1.2, application note 7.

United States Sentencing Guideline § 4B1.2, application note 3, provides that "[t]he provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1. U.S.S.G. § 4B1.2, application note 3.

Horton argues that, pursuant to § 4A1.2, application note 7, his 1997 ABHAN conviction should not be counted for criminal history purposes because he was under 18 at the time and he was not sentenced to an adult sentence exceeding one year and one month. Because application note 3 of § 4B1.2 instructs that the provisions for counting convictions under § 4A1.2 are applicable to the counting of convictions for career offender purposes, the 1997 ABHAN conviction arguably should not qualify as a predicate offense.

The question of whether Horton's 1997 ABHAN conviction should be counted for career offender purposes was addressed in *United States v. Allen*, 446 F.3d 522 (4th Cir. 2006).

In *Allen*, the appellant argued that his prior felonies should not qualify as career offender predicate offenses because he was 17 years old at the time of the convictions and his sentence did not exceed one year and one month. *Allen*, 446 F.3d at 529. Allen argued that § 4A1.2 should control whether a prior conviction

14

qualified as a predicate offense for career offender purposes. *Id*. The Fourth Circuit rejected Allen's argument holding that the court will only look to § 4A1.2 to resolve issues not addressed by §§ 4B1.1 and 4B1.2. *Id*. at 530. Because Allen's prior convictions fell squarely within § 4B1.2's definition of "prior felony conviction," the court declined to resort to the provisions of § 4A1.2. *See id*.

Horton's 1997 ABHAN conviction was prosecuted in the South Carolina Circuit Court of General Sessions. Under the laws of South Carolina, ABHAN is a felony offense punishable by up to twenty years in prison. S.C. Code Ann. § 16-3-600(B)(2). Because Horton's 1997 ABHAN conviction was a "prior adult conviction for an offense punishable by more than one year of imprisonment," pursuant to U.S.S.G. § 4B1.2, the conviction qualifies as a predicate offense for career offender purposes. *See Allen*, 446 F.3d at 529.

Horton contends his other two predicate offenses (2001 ABHAN conviction and 2005 conviction for distribution of powder cocaine) should not be counted because he was denied representation in violation of the Sixth Amendment to the United States Constitution. Horton, however, cannot collaterally attack his state court convictions in his federal criminal case. *See United States v. Bacon*, 94 F.3d 158, 161 (4th Cir. 1996). Accordingly, Horton's 2001 ABHAN conviction and 2005 cocaine conviction were properly counted as predicate offenses for career offender purposes.

15

Because Horton had three prior felony convictions for either crimes of violence or controlled substance offenses, he was properly classified as a career offender under U.S.S.G. § 4B1.1.

## **CONCLUSION**

In accordance with the requirements of the decision of United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967), counsel for Shawn Horton has reviewed both the facts and legal issues in this case. It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the district court and there are no meritorious grounds for an appeal in this case to the court of appeals. Shawn Horton has been served a copy of this brief and has been informed of his right to file a *pro se* supplemental brief.

August 1, 2013                                      Respectfully submitted.

                                                   /s/ J. Thomas McBratney, III
                                                   J. Thomas McBratney, III
                                                   McBratney Law Firm, P.A.
                                                   Post Office Box 3890
                                                   Florence, SC 29502
                                                   Telephone: 843-662-8155
                                                   Fed. Id. No.: 10517
                                                   Attorney for Appellant,
                                                   Shawn Horton

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

      this brief contains <u>3,621</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ J. Thomas McBratney, III</u>
J. Thomas McBratney, III

*Counsel for Appellant*

Dated:  August 1, 2013

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 1, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Alfred William Walker Bethea, Jr.
OFFICE OF THE
   UNITED STATES ATTORNEY
P. O. Box 1567
Florence, SC 29501
(843) 665-6688

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his

last known address of:

Shawn Horton
Reg. No. 24402-171
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
Jonesville, VA  24263

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219